## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| BENJAMIN JENKINS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:11-CV-00018-HRW |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CITY OF BURLINGTON, *et al.*, | ) | **AND ORDER** |
| | ) | |
| | ) | |
| Defendants. | | |

**                    **        **        **        **

The Court considers two motions to amend the Complaint, [D. E. Nos. 9 and 13] and the "Verified Statement" [D. E. No. 10] filed by *pro se* Plaintiff Benjamin Jenkins, Jr., confined in the Boone County Jail ("BCJ") in Burlington, Kentucky.[1] Based on the admission in Jenkins' Verified Statement, and because Jenkins does not allege in his Complaint or subsequent filings that he is under imminent danger of serious physical injury, as required by 28 U.S.C. § 1915(g), he will not be allowed to proceed *in forma pauperis* in this proceeding and will be required to pay the $350.00 filing fee, in full, within thirty days of the date of entry of this Order. The Court will

---

[1]

The Court also acknowledges that Jenkins has filed a "Notice" relating to his Boone Circuit Court attorney, [D.E. No. 11] and a "Notice" attaching a copy of an Order filed in his Boone Circuit Court criminal proceeding [D. E. No. 12]. At this time, these filings do not warrant discussion.

also deny without prejudice Jenkins' two motions to amend his Complaint, pending payment of the $350.00 filing fee, in full.

## BACKGROUND

On January 25, 2011, Jenkins filed this 42 U.S.C. § 1983 action alleging that the defendants maliciously prosecuted him in a criminal proceeding in the Boone Circuit Court and caused him to be falsely imprisoned in the BCJ. [D. E. No. 2].[2] He demanded $2.5 million in damages for mental distress. At that time, Jenkins filed one of two motions to proceed *in forma pauperis*. [D. E. No. 3].

On February 8, 2011, the Court denied Jenkins' first motion to proceed *in forma pauperis* without prejudice; directed Jenkins to submit within twenty (20) days a written statement amending Section V(C) of his Complaint, to clarify whether he filed (a) any or all of six specific civil lawsuits filed under his name in other federal courts,[3] or (b) any other civil action in any other court; and directed

---

[2]

Although Jenkins' list of defendants is somewhat confusing, he appears to be naming the following defendants: (1) City of Burlington, Kentucky; (2) Boone County, Kentucky; (3) Commonwealth's Attorney of Boone County; (4) Brian (not "Brain") Newman, Public Defender, Boone County; (5), Edward Prindle, Jailer, Boone County Jail; and (6) Mike Helmig, Sheriff, Boone County. *See* [D. E. No. 2, pp. 1-2]. The Clerk of the Court will be directed to amend the list of named defendants in the CM/ECF system to reflect these additional listed defendants.

[3]

The Court noted that a plaintiff by the name of "Benjamin Jenkins" had filed six civil rights lawsuits in other federal courts; that some of those complaints alleged malicious prosecution and false arrest claims similar to the claims Jenkins asserted in this action; and that the handwriting and signature in pleadings Jenkins submitted in a 2006 civil case he filed in this Court bore a striking

Jenkins to identify the details of any other civil litigation he may have initiated. *See* Order, [D. E. No. 5].

On February 25, 2011, Jenkins filed a "Verified Statement," [D. E. No. 10], admitting that he had in fact filed the six following federal civil actions:

1. *Jenkins v. Mayfield*, No. 4:02-CV-00166 (S.D. Ind.);

2. *Jenkins v. Sheriff Randy Hubbard*, No. 03-CV-00215 (S.D. Ind.);

3. *Jenkins v. Westville Corr. Facility*, No. 04-CV-00031(N.D. Ind.);

4. *Jenkins v. Sheriff Randy Hubbard*, No. 06-CV-00173 (S.D. Ind.);

5. *Jenkins v. Sheriff Simon L. Leis, Jr.*, No. 06-CV-00245 (S. D. Ohio.);

6. *Jenkins v. State of Ohio*, No. 10-CV-00052 (S.D. Ohio).

In his Verified Statement, Jenkins explained that he did not list those prior cases in his original Complaint where instructed to do so, because he "did not know the dates or case numbers. Everything listed and [sic] is true." [D. E. 10, p. 1].

## 1. **Jenkins's Prior Strikes Under 28 U.S.C. § 1915(g)**

Title 28 U.S.C. § 1915(g) prohibits prisoners from proceeding *in forma pauperis* when they abuse their pauper status by filing meritless successive lawsuits concerning prison conditions. That statute provides as follows:

resemblance to the handwriting <u>and</u> signature in several of the "Jenkins" Complaints filed in six other federal courts. [*Id.*, p. 4]

3

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Five of the six cases listed above, which Jenkins filed, were dismissed for failure to state a claim, either on initial screening or at the summary judgment stage:

(1) *Jenkins v. Mayfield*, No. 4:02-CV-00166-SEB (S.D. Ind.) (granting summary judgment against Jenkins on March 10, 2004, R. 60);

(2) *Jenkins v. Sheriff Randy Hubbard*, No. 4:03-CV-00215-SEB (S.D. Ind.) (dismissing on initial screening for failure to state a claim, March 18, 2004, R. 21);

(3) *Jenkins v. Westville Corr. Facility*, No. 3:04-CV-00031-RLM (N.D. Ind.) (dismissing on initial screening for failure to state a claim, March 10, 2004, R. 5);

(4) *Jenkins v. Sheriff Randy Hubbard*, No. 4:06-CV-00173-JDT (S.D. Ind.) (dismissing on initial screening for failure to state a claim, June 7, 2007, R. 11); and

(5) *Jenkins v. Sheriff Simon L. Leis, Jr.*, No. 1:06-CV-00245-SJD (S. D. Ohio.) (dismissing on initial screening for failure to state a claim, April 27, 2006, R. 4; adopting Report and Recommendation denying Jenkins' subsequent motions for relief, August 9, 2006, R. 10).

As Jenkins has had at least three "strikes" within the meaning of § 1915(g), he cannot proceed with this civil action without prepayment of the full $350.00 filing fee unless he demonstrates that he is "under imminent danger of serious physical injury." *See* § 1915(g). Jenkins did <u>not</u> allege in his Complaint, [D. E. No. 2], that has was facing imminent danger of serious physical injury, only that the defendants maliciously prosecuted him in a criminal proceeding in the Boone Circuit Court and caused him to be falsely imprisoned, a claim that he has unsuccessfully made numerous times in other federal civil actions he has filed.

## 2. Denial of Motions to Amend [D. E. No. 9 and 13]

The Court will deny without prejudice Jenkins' two motion to supplement and/or supplement his Complaint pending payment of the $350.00 filing fee. Unless and until Jenkins pays the entire $350.00 filing fee, consideration of those motions would be premature.

## 3. Obligation to Pay $350.00 Filing Fee

Finally, Jenkins is advised that he will not be relieved of the filing fee obligation even if this action is summarily dismissed for non-payment of the filing fee. *In re Alea*, 286 F.3d 378 (6th Cir. 2002). In *Alea*, the Sixth Circuit held that dismissal of an action under § 1915(g) for failure to pay the filing fee does not negate or nullify the prisoner's continuing obligation to pay the fee in full. *Id.* at 381. The

Court explained that "not requiring the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints - thus taking much valuable time away from other non-frivolous litigation - without any consequence beyond their mere dismissal under § 1915(g)." *Id.* at 382.

The Sixth Circuit further explained that "[a]lthough the requirement that a prisoner litigant may be liable for the payment of the full filing fee despite the dismissal of his action may be burdensome, it is not unfair." *Id.*, at 381; *see also Perryman v. Graves*, 3:10mc00109, 2010 WL 4237921, at *4 (M. D. Tenn., October 20, 2010) (warning prisoner that full filing fee would be assessed even if action is dismissed under §1915(g)); *Bostic v. Blum*, 3:10mc00034, 2010 WL 1424975 at *2 (M. D. Tenn., April 8, 2010) (same). Thus, if Jenkins fails to pay the filing fee and this case is dismissed for want of prosecution, he will not be relieved of the obligation to pay the filing fee, which will be assessed against him.

## SUMMARY

Because of Jenkins's history of filing abusive prisoner litigation, and the fact that he has not alleged that he is under imminent danger of serious physical injury as defined by 28 U.S.C. § 1915(g), the Court will not grant him pauper status and will require him to remit the $350.00 filing fee within thirty days of the date of entry of this Order, or risk dismissal. The Court will also deny without prejudice Jenkins' two

6

motions to amend his Complaint, pending payment of the full $350.00 filing fee.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)    The Clerk of the Court is directed to supplement the list of defendants in the CM/ECF system to reflect that Plaintiff Benjamin Jenkins, Jr., has named the following defendants:   (A) City of Burlington, Kentucky;  (B) Boone County, Kentucky;  (C) Commonwealth's Attorney of  Boone County;  (D) "Brian" (not "Brain") Newman, Public Defender, Boone County;   (E), Edward Prindle, Jailer, Boone County Jail; and (F) Mike Helmig, Sheriff, Boone County.

(2)    Jenkins's two "Motions  to Amend Complaint" [D. E. Nos. 9 and 13], are **OVERRULED** and **DENIED**;

(3)    If Jenkins intends to proceed further in this action, he must pay the requisite $350.00 filing fee to the Clerk of this Court within thirty (30) days from the date of entry of this Order.  If Jenkins fails to pay the full $350.00 filing fee within the specified time, the Court will dismiss the case for failure to prosecute;

(4)    If this case is dismissed for failure to prosecute, it will not be reinstated even if Jenkins subsequently pays the filing fee. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997);

(5)    If Jenkins fails to pay the filing fee and this case is dismissed for want

of prosecution, he will not be relieved of the obligation to pay the filing fee, which will be assessed against him. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002);

(6)    The Court may bar future civil filings by Jenkins unless they are accompanied by the full amount of the filing fee;

(7)    Upon either the payment of the $350.00 filing fee or the expiration of the specified thirty-day period, which ever occurs first, the Clerk of the Court is directed to submit the record.

This 22nd day of March, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge:

8