Eastern District of Kentucky
FILED
MAY 13 2011
At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

BENJAMIN JENKINS, JR., )
)
Plaintiff, ) No. 2:11-CV-00018-HRW
)
V. )
) **MEMORANDUM OPINION**
CITY OF BURLINGTON, et al., ) **AND ORDER**
)
)
Defendants.

** ** ** ** **

Plaintiff Benjamin Jenkins, Jr., confined in the Boone County Jail located in Burlington, Kentucky, has filed a *pro se* civil rights complaint asserting claims under 42 U.S.C. § 1983.[1] Jenkins paid the $350.00 filing fee after the Court determined that he did not qualify for pauper status under the "Three Strikes' provisions of 28 U.S.C. § 1915(g) [D. E. No. 17].

This matter is before the Court for initial screening. Because Jenkins is pursuing this action against government officials, the Complaint must be screened under 28 U.S.C. § 1915A, which requires dismissal of any claims that are frivolous or malicious, fail to state a claim upon which may be granted, or seek monetary relief

---

[1] Jenkins named six defendants: (1) the City of Burlington, Kentucky; (2) Boone County, Kentucky; (3) Boone County Commonwealth's Attorney; (4) Brian Newman, Boone County Public Defender; (5), Edward Prindle, Boone County Jailer; and (6) Mike Helmig, Boone County Sheriff.

from defendants who are immune from such relief. *Id.* § 1915A. Because Jenkins has failed to state a claim upon which relief can be granted, his § 1983 Complaint will be dismissed, and Judgment will be entered in favor of the defendants.

## CLAIMS ASSERTED AND RELIEF REQUESTED

Jenkins alleged that the defendants falsely arrested him for theft without evidence, maliciously prosecuted him, and denied him due process of law during a recent criminal proceeding in the Boone County, Kentucky Circuit Court, in violation of the Fifth and Fourteenth Amendments of the United States Constitution. As Jenkins challenged the adequacy of his legal counsel in that criminal proceeding and alleged ineffective assistance of counsel, he asserted a claim under the Sixth Amendment of the United States Constitution.

Finally, Jenkins alleged that he had been subjected to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. He demanded $2.5 million in compensatory damages for numerous alleged deprivations [D. E. No. 2, p. 8].[2]

---

2

Specifically, Jenkins seeks damages for "mental distress, depression, anxiety, loss [sic] wages, clothes, housing, emotional disturbance, kids, mental stress, family problems, isolation inmate, high pressure, no medication, kids' emotinl [sic] disturbed, depression." [*Id*].

## ALLEGATIONS OF THE COMPLAINT AND
## MOTIONS TO AMEND THE COMPLAINT

Jenkins states that on July 8, 2010, he was arrested for theft and that on September 22, 2010, he was indicted in the Boone Circuit Court [D. E. No. 2, p. 2]. On July 9, 2010, the Boone County Grand Jury indicted Jenkins for being a Persistent Felony Offender ("PFO")in the First Degree, in violation of K.R.S. 532.080(3) [D. E. No. 20, p. 3]. When Jenkins filed this § 1983 action on January 25, 2011, he was being criminally prosecuted for both offenses in the Boone Circuit Court in *Commonwealth of Kentucky v. Benjamin Jenkins, III*, Case No. 10-CR-00477 (Judge Anthony W. Frolich, presiding) ("the Boone Circuit Criminal Proceeding").

At that time, Jenkins alleged that defendants were violating his constitutional rights in that pending criminal proceeding; that he was being illegally prosecuted; and that his former court-appointed Public Defender, Brian Newman, was "conspiring" against him with the Boone County Commonwealth Attorney's Office and Boone County Jailer Edward Prindle [D. E. No. 2, pp.2-3]. Specifically, Jenkins alleged that Newman denied him of his right of effective assistance counsel by failing to request both discovery materials and transcripts of the grand jury proceedings and the Preliminary Hearing.[3]

---

[3] Jenkins indicates that in October 2010, Newman ceased him, staring that "he [w]ithdrawl

3

On February 14, 2011, Jenkins filed a motion asking to name as additional defendants the Office of the Boone County Public Defender; the "Commonwealth City of Burlington, Kentucky;" and his new Public Defender, Jason Gilbert, "for the same reasons the Defendants listed above" [D. E. No. 6]. Jenkins made the same request again on February 25, 2011 [D. E. No. 9].

On March 2, 2011, Jenkins filed another motion to amend his original § 1983 Complaint, stating that he had filed a "motion to withdrawal [sic] Jason Gilberts [sic] Public Defender for ineffective assistance of counsel [D. E. No. 13, p.2]. Jenkins alleged that Gilbert, like Newman before him, was not effectively representing him, and that he had failed to subpoena witnesses, discuss strategy with him, and advise him of court dates. Jenkins claimed that Gilbert was also conspiring with the prosecution to violate his due process rights.

On March 7, 2011, Jenkins filed another motion asking to name as additional defendants two employees of the Walmart store in Florence, Kentucky [D. E. No. 14]. Jenkins did not explain their relevancy to his criminal proceeding, but as has had been charged with Theft by Unlawful Taking, it is likely that the alleged theft

---

[sic] Brain [sic] Newman from the case Oct. 22, 10 for false presentation [sic] and knowing he was conspiring against me with the Prosecutors for the Commonwealth of Kentucky, Boone County." [*Id.*]. This statement does not explain how or why Newman stopped representing Jenkins; whether Jenkins unilaterally terminated Newman's representation or whether Newman unilaterally asked to withdraw as Jenkins' attorney.

occurred at that Walmart store and that the two employees he asked to add as defendants were the Commonwealth's complaining witnesses.

On April 25, 2011, Jenkins filed supplemental exhibits documenting various proceedings which had occurred in the Boone Circuit Criminal Proceeding [D. E. Nos. 20 and 21]. On May 2, 2011, Jenkins filed a motion renewing his earlier motions to amend his § 1983 Complaint, all of which prior motions the Court had earlier denied without prejudice [D. E. No. 22]. [4]

## DISCUSSION

Jenkins filed this action under 42 U. S. C . § 1983, which provides a private cause of action for deprivations of federal rights against persons who act under color of state law. Jenkins asserts numerous constitutional claims.

Jenkins has invoked both the Fifth and Fourteenth Amendments as the grounds for his claims alleging false arrest, malicious prosecution, and denial of due process. The Fourteenth Amendment prohibits persons acting under color of state law from violating a person's rights guaranteed by either the federal constitution or federal law,

---

[4]

On February 8, 2011, the Court denied without prejudice Jenkins' first motion to amend his Complaint, [D. E. No. 6], because it was unclear whether he qualified for pauper status. *See* Order, [D. E. No. 5]. On March 22, 2011, the Court determined that Jenkins did *not* qualify for pauper status, directed him to pay the entire $350.00 filing fee within thirty days or risk dismissal, and denied without prejudice his three subsequent motions to amend, [D. E. Nos 9, 13, and 14], until he paid the entire filing fee. *See* Orders [D. E. Nos. 17 and 18]. Having now paid the filing fee, Jenkins has renewed his four previously denied motions to amend the Complaint. [D. E. No. 22].

and also guarantees due process and equal protection of the law with respect to state action.[5] As Jenkins appears to be claiming that some of the named defendants acted under state law, his due process claims fall under the Fourteenth Amendment. Jenkins' complaints about Newman's and Gilbert's allegedly defective legal representation fall under the Sixth Amendment of the United States Constitution, which guarantees effective assistance of counsel to those charged with criminal offenses. Jenkins' claims of alleged cruel and unusual punishment fall under the Eighth Amendment of the United States Constitution.

*Pro se* complaints are held to less stringent standards than those drafted by attorneys. *See Wagenknect v. United States*, 533 F.3d 412, 415 (6th Cir. 2008). Moreover, at the screening phase, the allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Even liberally construing all of Jenkins' constitutional claims in the most favorable light, they fail to state a claim upon which relief can be granted.

## FOURTEENTH AMENDMENT DUE PROCESS CLAIMS

Were the Court to assume, based only on Jenkins' pleadings, that the Boone Circuit Criminal Proceeding is still pending, it would have dismissed this action

---

[5] The Fifth Amendment is inapplicable to this case because it applies to persons acting under federal law, not persons alleged to be acting under state law.

under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971).

Under the *Younger* abstention doctrine, federal courts must abstain from deciding a matter that implicates pending state criminal proceedings. *Id.*, 401 U.S. at 43-45. The three factors supporting *Younger* abstention were present in this case. First, a state judicial proceeding was ongoing when Jenkins filed his Complaint. Second, state criminal proceedings involve important state interests. *See, e.g., Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, the state court proceedings provided Jenkins with an adequate opportunity to raise constitutional challenges. *See Foster v. Kassulke*, 898 F.2d 1144, 1157 (6th Cir. 1990).

However, based on recent events in the Boone Circuit Criminal Proceeding, the docket sheet, pleadings, and Orders of which are available to the public and of which this Court takes judicial notice, dismissal of this action is now warranted on other grounds. On March 1, 2011, a jury in the Boone Circuit Criminal Proceeding found Jenkins guilty of: (1) Theft by Unlawful Taking Property Valued at $500 or more and less than $10,000.00, and fixed a five-year sentence, and (2) being a PFO in the First Degree. Because of Jenkins' PFO status, the jury enhanced his five-year theft sentence to ten years. This Court takes further judicial notice of the fact that on April 27, 2011, the Boone Circuit Court sentenced Jenkins to a five-year prison term, which it enhanced to ten years because of his PFO status; credited Jenkins' sentence with

time served prior to commencement of his sentence, and directed the Boone County Sheriff to deliver Jenkins to the custody of the Kentucky Corrections Cabinet.

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), Jenkins cannot recover damages against those involved in his criminal proceeding by filing this § 1983 civil action asserting Fourteenth Amendment due process claims, which is in essence nothing but a collateral attack of his criminal conviction. *Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Id.* at 486-87. In other words, before Jenkins can seek damages in a federal civil rights proceeding against those involved in his criminal case, he must show a favorable termination of his criminal conviction, which essentially requires him to show that his conviction has been overturned or set aside.

As Jenkins has just been sentenced in the Boone Circuit Criminal Proceeding, he clearly cannot demonstrate a favorable termination of criminal conviction at this time. Unless and until Jenkins can show a favorable termination of his criminal conviction (*i.e.*, show that his conviction was invalid or has been set aside), he cannot pursue federal civil rights claims against any of the named defendants, alleging false arrest, malicious prosecution, conspiracy, or the denial of due process

in the Boone Circuit Criminal Proceeding. Absent a reversal or a ruling invalidating his recent criminal conviction, all of Jenkins' § 1983 claims fail under *Heck.*

Related to *Heck* is the *Rooker-Feldman* doctrine, which also bars Jenkins's claims against the defendants. Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506-07 (6th Cir.2000). A party raising a federal question must appeal a state court decision through the state system and then proceed directly to the Supreme Court of the United States. *Feldman*, 460 U.S. at 483 n. 16; *Rooker*, 263 U.S. at 415-16; *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

Federal courts also lack jurisdiction to review constitutional claims that are inextricably intertwined with the state court's decision. *Feldman*, 460 U.S. at 486-87; *Patmon*, 224 F.3d at 509-10. A plaintiff's claims are inextricably intertwined with the state court's decision if the federal claims can succeed only to the extent that the state court wrongly decided the issues before it, *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998), and if the federal claims assert specific challenges to the state court

proceedings, rather than a general challenge to the constitutionality of the state law. *Patmon*, 224 F.3d at 509-10; *Catz*, 142 F.3d at 293.

Jenkins merely disagrees with the manner in which he was convicted, raising only specific grievances about his attorneys and the prosecutor in the Boone Circuit Criminal Proceeding, not a general challenge to the constitutionality of a state law applied to him. Accordingly, his claims in this action are inextricably intertwined with the state court's decision, and essentially amount to an impermissible appeal of his state court criminal judgment. *See Payette v. Royal Oak Police Dept.*, No. 04-CV-10294, 2005 WL 2671333, at *6-*7 (E. D. Mich. September 13, 2005) (dismissing under *Heck* and *Rooker-Feldman* doctrines plaintiff's Fourth Amendment civil claims challenging his underlying detention, arrest, and criminal conviction).

Thus, however displeased Jenkins is about his criminal proceeding- and his recent conviction- he cannot seek damages against his public defenders and the prosecutor through this civil rights action by claiming that they violated his constitutional rights during his criminal case. Jenkins may challenge his conviction only by appealing it through Kentucky's appellate courts – to the level of the Commonwealth's Supreme Court – and then to the United States Supreme Court.

Dismissal of Jenkins' Fourteenth Amendment due process claims against the prosecutors and Jenkins' public defenders is warranted on other grounds. Boone

County Public Defenders Brian Newman and Jason Gilbert have no liability to Jenkins under § 1983. Because neither public defenders nor court appointed criminal defense counsel act under color of state law, *see Polk County v. Dodson*, 454 U.S. 312, 321(1981), they are not liable for violations of alleged violations of the Sixth Amendment under § 1983. *Id.*; *Anderson v. Sonenberg*, 111 F.3d 962 (D.C.Cir.1997) (unpublished table decision).

Jenkins' due process/prosecutorial misconduct claims against the Boone County Commonwealth Attorney's office lack merit because prosecutors are entitled to absolute immunity when engaging in activities "'intimately associated with the judicial phase of the criminal process.'" *Hopkins v. Sellers*, No. 1:09-CV-304, 2010 WL 3303651, *3 (E.D. Tenn. Aug.19, 2010) (Collier, C.J.); (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); see also *Kent v. Cardone*, No. 10-818-CV, 2011 WL 13906, at *1 (2d Cir. Jan. 5, 2011).

This immunity forecloses claims based upon a prosecutor's allegedly improper actions in seeking an indictment on criminal charges, *Imbler*, 424 U.S. at 431; *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (finding prosecutors absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury); presenting evidence at trial, *Spurlock v. Thompson*, 330 F.3d 791, 797

(6th Cir. 2003); or negotiating a plea bargain, *Schloss v. Bouse*, 876 F.2d 287, 292 (2d Cir. 1989) (holding that negotiating a plea bargain is an act within a prosecutor's jurisdiction as a judicial officer). Jenkins' broad Fourteenth Amendment claims against the Boone County Commonwealth Attorney's office fall squarely within the immunity afforded to prosecutorial decisions. *Higgason v. Stephens*, 388 F.3d 868, 878 (6th Cir. 2002); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

## EIGHTH AND FOURTEENTH AMENDMENT CLAIMS AGAINST MUNICIPAL DEFENDANTS AND BOONE COUNTY SHERIFF AND JAILER

Jenkins asserts general, factually non-specific Eighth and Fourteenth Amendment claims against both the City of Burlington and Boone County Kentucky, and as to the latter, presumably against the governing body of Boone County, *i.e.*, the Boone County Fiscal Court. Those claims also fail to state a claim upon which relief can be granted. To establish municipal liability under §1983, a plaintiff must allege that the municipality officially adopted, implemented, or executed a custom, policy statement, ordinance, regulation, or decision which resulted in a constitutional deprivation, even if the custom did not receive formal approval. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

A municipality cannot be held liable for damages under § 1983 based on *respondeat superior* solely because it employs a tort-feasor, *id.* at 691; it can only be

held responsible for a constitutional deprivation if a direct causal link exists between its policy or custom and the alleged constitutional deprivation. *Id.* at 690-91; *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003); *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 442 (6th Cir. 2000); *Deacon v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Jenkins did not allege that either City of Burlington officials or Boone County Fiscal Court officials implemented or executed policies or engaged in a custom or pattern of conduct which denied him due process of law (in violation of the Fourteenth Amendment), or subjected him to cruel and unusual punishment (in violation of the Eighth Amendment). He alleged only that his arrest for theft was based on insufficient evidence; that he was denied effective assistance of counsel during the Boone Circuit Criminal Proceeding; and that his attorneys, the prosecutors, and Jailer Edward Prindle "conspired" against him. As discussed above, given Jenkins's conviction, Jenkins cannot assert such due process claims unless and until he successfully has his conviction reversed or set aside.

Next, Jenkins included in the "Relief" section of his original § 1983 Complaint a perfunctory allegation of cruel and unusual punishment in violation of the Eighth Amendment. But he asserted no specific Eighth Amendment claim against either the Boone County Sheriff Mike Helmig or the Boone County Jailer Edward Prindle.

Jenkins instead complained about the fact that he was in custody because of the charges filed against him in the Boone Circuit Criminal Proceeding and alleged that Jailer Prindle was engaged in an alleged conspiracy with the prosecutor and his public defenders, *i.e.*, a Fourteenth Amendment due process claim. Jenkins did not challenge the conditions of his confinement.

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, ---U.S. ----, 129 S.Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, at 570.

Jenkins provided no facts substantiating an Eighth Amendment claim, either in his original § 1983 Complaint or in any of his later motions to amend. He specifically demanded compensation for emotional distress, but he did not allege that he suffered any physical injuries that caused his alleged emotional distress. An

inmate may not seek damages for emotional distress or mental suffering absent a showing of a physical injury. 42 U.S.C. § 1997e(e); *Carter v. Tucker*, 69 F. App'x 678, 679 (6th Cir. 2003); *Mitchell v. Horn*, 318 F.3d 523, 533 (3rd Cir. 2003).

Jenkins' Eighth and Fourteenth Amendment claims against the City of Burlington and Boone County Kentucky (*i.e.*, the Boone County Fiscal Court), and his Eighth Amendment claims against Boone County Sheriff Mike Helmig and Boone County Jailer Edward Prindle will be dismissed with prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A (b)(1).

Finally, Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings, and authorizes the amendment of a pleading only with the opposing party's consent or with leave of court, to be freely given when justice so requires. Generally, leave to amend is liberally granted, except when the amendment would be futile. *Frank v. D'Ambrosi*, 4 F.3d 1378, 1386 (6th Cir. 1993); *Newell v. Brown*, 981 F.2d 880 (6th Cir. 1992). *See also Foman v. Davis*, 371 U.S. 178 (1982). Because Jenkins sets forth no grounds upon which relief can be granted in *any* of his motions to amend, as discussed above, his proposed amendments would be futile. His current motion to amend, [D. E. No. 22] will therefore be denied as moot.

The Court will dismiss Jenkins' original Complaint [D. E. No. 2], deny his motion to amend his Complaint, [D. E. No. 22], (renewing his prior motions to

amend), and enter Judgment in favor of the defendants. **This dismissal qualifies as an additional "strike" as defined by 28 U.S.C. § 1915(g).**

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

1. Plaintiff Benjamin Jenkins, Jr.'s Complaint [D. E. No. 2] is **DISMISSED** for failure to state a claim upon which relief can be granted.

2. Jenkins' Motion to Amend [D. E. No. 22] is **OVERRULED** as **MOOT**.

3. **This dismissal qualifies as an additional "strike" as defined by 28 U.S.C. § 1915(g).**

4. The Court will enter a separate Judgment.

This May 12, 2011.

Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**